NORTHERN DIST...
FILED
DEC - 5 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DANIEL PATRICK MOORE, § <br> Petitioner, § <br> § <br> VS. § <br> § <br> RODNEY W. CHANDLER, Warden, § <br> FCI-Fort Worth, § <br> Respondent. § | Civil Action No. 4:13-CV-682-O |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

#### I. FINDINGS AND CONCLUSIONS

##### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

##### B. PARTIES

Petitioner Daniel Patrick Moore, Reg. No. 43561-177, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth.

C. PROCEDURAL HISTORY

Petitioner is serving a 225-month sentence on his 2012 conviction in this court for possession with intent to distribute a controlled substance. (doc. no. 87) *United States v. Moore*, Criminal Docket No. 4:11-CR-198-A-1. Petitioner appealed his conviction and sentence to no avail and filed a postconviction motion under § 2255 to vacate, set aside or correct his sentence, which was denied by the convicting judge on July 25, 2013. (doc. no. 124) *See also Moore v. United States*, Civil Docket No. 4:13-CV-441-A (doc. nos. 8 & 9). This petition under § 2241 was received by the clerk of court for filing less than a month later on August 21, 2013.

Petitioner claims that he is actually innocent of the conviction and/or his sentence under the rule in *Apprendi, Blakely, Booker*, because the indictment did not charge a drug quantity, the government did not prove a drug quantity, and a jury did not find beyond a reasonable doubt a drug quantity "to invoke the enhance[d] statutory penalties."[1] (Pet. at 2, 5) The same or similar claim was raised by petitioner on appeal and/or in his § 2255 motion. Respondent asserts the petition should be dismissed for lack of jurisdiction. (Resp't Resp at 5-6)

D. DISCUSSION

A petitioner seeking to challenge collaterally the legality of a conviction or sentence must generally do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v.*

---

[1] *Apprendi* and its progeny hold generally that any fact that increases the penalty for a crime is an "element" of the crime that must be submitted to the jury and found beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

2

*Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, the petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner wholly fails to discuss and/or meet the three criteria. The *Apprendi-Blakely-Booker* line of cases has not been made retroactively applicable to cases on collateral review by the Supreme Court, and any claim based on the line of cases, decided in 2000, 2004, and 2005, respectively, was not foreclosed by Fifth Circuit case law at the time of petitioner's trial, appeal, or 2255 motion. Nor does an actual innocence claim favor petitioner. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000) (providing prisoner's claim that career offender guideline was not properly applied to his drug conspiracy conviction, and that he was "innocent" of the enhancement, was not in nature of claim that he was innocent of drug conspiracy offense itself, and did not permit prisoner to pursue his claim by filing habeas petition under § 2241 in district where he was incarcerated).

Petitioner, having had an adequate and effective opportunity to assert the instant claim on appeal and in his 2255 motion, may not proceed to do so under this court's § 2241 jurisdiction. Section 2255 is not inadequate or ineffective merely because the prisoner has filed a prior unsuccessful motion to vacate or is unable to meet the requirements for filing a second or successive motion to vacate. *Jeffers,* 253 F.3d at 830 (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate

3

or ineffective); *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claim presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *Padilla*, 416 F.3d at 427; *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that this petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December __26__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will

4

bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December **26**, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December **5**, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE